UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY RANDOLPH SMITH,

    Plaintiff,

v.                                                                                          Case No: 8:16-cv-2990-T-23JSS

WALMART and KRAFT FOODS, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 4.) Upon consideration, it is recommended that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it sua sponte if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Upon review of Plaintiff's Affidavit of Indigency, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. However, for the reasons that follow, the Court

recommends dismissal of Plaintiff's Complaint without prejudice.  Plaintiff sues Bartow Walmart and Kraft Foods Capri Sun for "cruel and unusual punishment" and for violating "[t]he right for a person to be safe in their own home of being sold poison," which Plaintiff alleges, if intentional, is a criminal offense under Florida law.  (Dkt. 1.)  Plaintiff alleges that his son drank a Capri Sun Plaintiff purchased at a Walmart in Bartow, Florida, that his son had a reaction to the drink, and lab tests showed that the Capri Sun contained black mold.  (Dkt. 1.)  Plaintiff seeks $700,000.00 in damages.  (Dkt. 1.)

First, a litigant must have standing before he or she may bring a lawsuit in federal court. *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987).  The requirement of standing ensures that "the parties before the court have a concrete interest in the outcome of the proceedings such that they can be expected to frame the issues properly."  *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).  To establish standing, a plaintiff must show that: (1) plaintiff has suffered an actual or threatened injury; (2) plaintiff's injury is fairly traceable to the challenged conduct of the defendant; and (3) plaintiff's injury is likely to be redressed by a favorable ruling.  *Id.*  Ordinarily, a litigant may only assert his or her own interests and, therefore, may not sue on behalf of third parties.  *Powers v. Ohio*, 499 U.S. 400, 410 (1991).  However, third-party standing is recognized provided the party show: (1) an injury-in-fact that provides the party with "a sufficiently concrete interest" in the outcome of the suit; (2) a close relation to the third party; and (3) a hindrance to the third party's ability to protect his or her own interests.  *Id.* at 410–11.

Here, Plaintiff alleges that his son was harmed by ingesting Capri Sun, but Plaintiff does not allege how he has suffered an injury, or how his son's ability to protect his own interests are hindered such that Plaintiff has third-party standing for his son.  Thus, Plaintiff has not shown standing to bring this lawsuit.

Second, Plaintiff fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Under Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff does not allege the basis for the Court's jurisdiction, nor does Plaintiff state a claim showing that Plaintiff is entitled to relief. Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 4) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted). The undersigned recommends that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on February 9, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record
Unrepresented Party