UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY RANDOLPH SMITH,

    Plaintiff,

v.                                                    CASE NO. 8:16-cv-2990-T-23JSS

WALMART, et al.,

    Defendants.
_____/

**ORDER**

    The magistrate judge recommends (Doc. 5) denying Roy Randolph Smith's motion (Doc. 4) to proceed *in forma pauperis*; recommends dismissing Smith's complaint for failing to establish standing and for failing to comply with the pleading standards of Rule 8, Federal Rules of Civil Procedure; and recommends allowing Smith twenty days to amend the complaint. More than fourteen days has passed, and no party objects. The report and recommendation (Doc. 5) is **ADOPTED**, and Smith's motion (Doc. 6) to proceed *in forma pauperis* is **DENIED**.

    In addition to the shortcomings raised in the magistrate judge's report, the complaint fails to state a claim. First, Smith cannot state a claim under the Eighth Amendment because the defendants are private persons and not state officers. Second, "[t]he right for a person to be safe in their own home of being sold poison" is

not a legal claim (at least, in the stated terms).  Third, Smith and his son lack standing to "prosecute" purported criminal activity.  Prosecution of criminal activity is within the province of the United States Attorney.

If Smith wants to continue this action in federal court, no later than **MARCH 20, 2017**, Smith must amend the complaint to state a legal claim and pay the filing fee.  Failure to comply with this order will result in dismissal of the action without further notice.

In preparing the amended complaint Smith must comply with Rules 8, 9, 10, and 12, Federal Rules of Civil Procedure and the Local Rules.  For example, Rule 8, Federal Rules of Civil Procedure states that a complaint must include: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Rule 10 states that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as is practicable to a single set of circumstances . . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Smith must identify to which particular defendant each separate count applies.

Smith is warned that litigation in federal court is difficult.  The complaint suffers from deficiencies that suggest Smith requires legal advice and assistance from a member of The Florida Bar.  Smith can contact The Florida Bar for the names of

organizations providing free or low cost legal services to eligible persons. The court cannot assist a party, even a *pro se* party, in conducting a case.

ORDERED in Tampa, Florida, on February 28, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE
